# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Constellation Enterprises LLC, et al., | : |
| Debtors. | : |
| _____ | : |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | : |
| Appellant, | : |
| v. | : C. A. No. 17-1430-RGA |
| | : C. A. No. 17-mc-276-RGA |
| OFFICE OF THE U. S. TRUSTEE, et al., | : |
| Appellees. | : |

## RECOMMENDATION and ORDER

At Wilmington this **8th** day of **November, 2017**.

Pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, including review of information from counsel contained in a joint letter dated November 3, 2017 that was filed consistent with the Oral Order of October 20, 2017,[1] to determine the appropriateness of mediation in the 17-1430-RGA matter. In addition, a related matter, 17-mc-276-RGA, was also filed by the Official Committee of Unsecured Creditors on October 11, 2017.

The parties to the letter include Official Committee of Unsecured Creditors ("Committee"), the Chapter 7 Trustee, a group of delayed draw term loan lenders and

---

[1] *See* 17-1430-RGA, Oral Order at D.I. 5. As ordered, this joint letter was not filed on the docket.

their agent (the "DDTL Parties"), listed as Interested Parties in the notice of appeal, and the United States Trustee (UST), listed as an Interested Party in the notice of appeal.

The appeal in 17-1430-RGA, brought by the Committee, concerns the Conversion Order entered by the Bankruptcy Court granting the Debtors' motion seeking conversion of their chapter 11 cases to chapter 7 cases, to which the Committee objected. As noted above, the Committee also filed a motion to stay the Conversion Appeal,17-mc-276-RGA, and contends that until its stay motion is adjudicated, there should be no other activity in the Conversion Appeal.[2] The Committee further notes that since Conversion Appeal only involves questions of law, it is not amenable to mediation. The Committee requests a telephonic status conference before briefing begins in the appeal because of its pending stay motion in 17-mc-276-RGA and as set forth in its prior letter request found at D.I. 13 in 17-1430-RGA and D.I. 12 in 17-mc-276-RGA (same letter).

The Chapter 7 Trustee agrees that the appeal of the Conversion Order is not likely amenable to mediation.[3] He further contends that he must be a party to the appeal.

The DDTL parties similarly agree that mediation would not be worthwhile nor lead to a successful outcome and contend that they are proper parties to the appeal.

The UST agrees that the appeal is not amenable to mediation and he is a proper

---

[2] A dispute exists among the parties regarding who are the proper parties to the appeal in 17-1430-RGA, with the Committee contending that only the Debtors should be the appellees. The DDTL Parties, the Chapter 7 Trustee and the UST maintain that they are proper parties to the appeal. This issue was also raised in 17-mc-276-RGA.
[3] The Chapter 7 Trustee was appointed on October 2, 1017.

party to the appeal.

As previously noted, the Committee's motion for stay of the conversion order pending appeal in 17-mc-276-RGA was filed on October 11, 2017. In this matter, the UST filed a motion to dismiss the appeal on October 26, 2017.[4]

Regarding 17-1430, after the entry of the Oral Order on October 20, 2017, DDTL and the UST filed motions to dismiss the appeal on October 26, 2017.[5]

On October 31, 2017, the Committee filed a letter to only this judge addressing the motions to dismiss the appeal, contending they were improperly filed, as well as requesting other relief. On November 1, 2017, the UST and DDTL filed their respective responses to the Committee's October 30 letter contending that the Committee's request for relief was done in an improper manner and was for "erroneous reasons."[6]

As a result, to maintain the status quo until the November 3 letter regarding mandatory mediation was provided, this judge entered an Order in 17-1430-RGA and 17-mc-276-RGA staying further briefing in both matters until my Recommendation was issued.[7] Because of this stay, a briefing schedule is needed in both matters on those issues Judge Andrews deems appropriate.

As a result of the screening process, the issues involved in 17-1430-RGA are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

---

[4] *See* D.I. Nos. 1 and 5.
[5] *See* D.I. Nos. 8 and 9.
[6] All letters filed by the parties may be found in 17-1430-RGA at D.I. Nos. 13-15 and 17-mc-276 at D.I. Nos. 12-14.
[7] *See* D.I. 16 in 17-1430-RGA and D.I. 15 in 17-mc-276-RGA.

THEREFORE,

1.  IT IS ORDERED that the stay is lifted in 17-1430-RGA and 17-mc-276-RGA.

2.  IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), 17-1430 be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Since all parties agree that mediation would not be worthwhile, objections, pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1, to this Recommendation on removal from mediation are not expected.

3.  IT IS ORDERED that should any objections be filed to the Recommendation for removal from mediation, they shall be due on or before November 17, 2017 and shall be limited to three (3) pages.

4.  IT IS FURTHER NOTED that in light of the stay, briefing schedules in 17-1430-RGA and 17-mc-276-RGA will be needed.

Local counsel are obligated to inform out-of-state counsel of this Recommendation and Order.

/s/ Mary Pat Thynge  
Chief U.S. Magistrate Judge Mary Pat Thynge